# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 22, 2013

No. 12-40455
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

DAVID GARCIA-ROQUE,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1868-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

David Garcia-Roque (Garcia) appeals from his conviction of being found illegally in the United States. He contends that his 46-month term of imprisonment and his three-year term of supervised release are procedurally and substantively unreasonable.

He further raises the following errors, which he correctly recognizes are foreclosed by this court's caselaw but nevertheless seeks to preserve for further review. First, he contends that his sentence of supervised release constituted an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

upward departure in light of U.S.S.G. § 5D1.1(c) and that the district court failed to notify him that it was contemplating such a departure. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 328-29 (5th Cir. 2012) (foreclosing contention). Second, he contends that sentences calculated using § 2L1.2 are not entitled to a presumption of correctness because that section is flawed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009) (foreclosing contention). Third, he contends that his argument against the substantive reasonableness of his supervised release term should not be reviewed under the plain error standard despite his failure to object to the sentence on that ground. *See United States v. Whitelaw,* 580 F.3d 256, 259-60 (5th Cir. 2009) (foreclosing contention).

As for his contentions that are not foreclosed, Garcia contends that his terms of imprisonment and supervised release were procedurally unreasonable because the district court failed to provide adequate explanations for them. Garcia did not raise a challenge to the procedural reasonableness of his sentence, but, as to his term of imprisonment only, he sought a downward departure or variance from the guidelines sentencing range on the same factors he now argues render the sentence procedurally unreasonable. We need not determine the standard of review applicable to that contention, as it fails under reasonableness review or plain error review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). Garcia's argument that his term of supervised release was procedurally unreasonable is reviewed under the plain error standard. *See Mondragon-Santiago*, 564 F.3d at 361.

The term of imprisonment was within the guideline sentencing range. Garcia sought a downward departure or variance on what he argued was the benign nature of his previous conviction of conspiring to harbor an alien and his benign motive for reentering the United States, i.e., his desire to financially assist his family while his wife received treatment for cancer. The district court addressed both of these concerns adequately when determining that a sentence

2

within the guideline range was appropriate. *See Rita v. United States*, 551 U.S. 338, 356 (2007).

The term of supervised release also was within the guideline sentencing range. Garcia argues that the explanation provided by the district court was inadequate, i.e., that supervised release was appropriate due to Garcia's children's status as American citizens, Garcia's desire to care for his children, and the likelihood that Garcia would reenter the United States. The district court did not err in finding that a term of supervised release would satisfy the need for "an added measure of deterrence and protection." *See Dominguez-Alvarado*, 695 F.3d at 329-30.

Garcia's sentences of imprisonment and supervised release are presumptively reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Garcia contends that his sentences are substantively unreasonable for essentially the same reasons he argues the district court's proffered reasons rendered the sentences procedurally unreasonable. As for the sentence of imprisonment, Garcia has not shown that the district court erred in weighing and balancing the factors relevant to his sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). As for the sentence of supervised release, Garcia cannot demonstrate error, plain or otherwise.

AFFIRMED.